Commonwealth v. Hovious.

CASE 52—INDICTMENT FOR CARRYING ON BUSINESS OF RETAIL DRUG-
GIST AND PHARMACIST WITHOUT OBTAINING THE CERTIFICATE RE-
QUIRED BY SECTION 2620 KENTUCKY STATUTES.

## Commonwealth v. Hovious.

APPEAL FROM RUSSELL CIRCUIT COURT.

JUDGMENT DISMISSING INDICTMENT AND COMMONWEALTH APPEALS.
REVERSED.

DRUGGISTS—SALE OF DRUGS BY UNREGISTERED PHARMACIST—RIGHT OF
PHYSICIAN TO SELL DRUGS.

Held:   Kentucky Statutes, section 2620, prohibiting the selling or
compounding of drugs, except by a registered pharmacist, and
section 2632 (part of same act), providing that "nothing in
this act shall apply to, or in any manner interfere with the
business of any licensed practicing physician, or prevent him
from supplying to his patients such articles as may seem to
him proper; or with his compounding his own prescriptions,"
while a regular physician may sell drugs to his own patients,
he is subject to the penalty prescribed if, not being a regis-
tered pharmacist, he fills prescriptions sent to him by others.

N. H. W. AARON, COMMONWEALTH ATTORNEY AND ROBERT J.
BRECKINRIDGE, ATTORNEY-GENERAL, FOR APPELLANT.

R. D. Hovious was indicted under section 2620, Kentucky Stat-
utes, and on trial pleaded as a defense that he was a licensed
practicing physician, and that he was exempted by section 2632,
Kentucky Statute, which provides that "nothing in this act
shall apply to or in any manner interfere with the *business* of

any licensed practicing physician or prevent him from supply, ing to his patients such articles as may seem to him proper, or with compounding his own prescriptions."

If the Legislature had intended to permit physicians to carry on a retail drug business, by virtue of his license as a physician, it would have said that nothing in this act shall be construed to apply to a licensed practicing physician.

The exception is specific, and says the *business* of a licensed *practicing physician*, and clearly limits his privileges to that of a physician. He can compound his own prescriptions, but not those of other physicians.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellee was indicted by the grand jury of Russell county, charged with a violation of section 2620, Kentucky Statutes, which reads as follows: "Drugs not to be Sold or Compounded, except by Registered Pharmacist —Penalty: Any owner of a pharmacy, or retail drug store, who, not being a registered pharmacist, shall fail or neglect to place in charge of such pharmacy or drug store a registered pharmacist, or any such proprietor who shall by himself, or any other person, permit the compounding or dispensing of prescriptions, or the vending at retail of drugs, medicine, poisons, or pharmaceutical preparations in his store or place of business, except by or in the presence and under the immediate supervision of a registered pharmacist, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be liable to a fine of not less than twenty-five nor more than one hundred dollars and each week that he shall cause or permit such pharmacy or retail drug store to be so conducted or managed shall constitute a separate and distinct offense and render him liable to separate prosecution and punishment therefor." The law and facts were submitted to the court, a jury trial being waived. The court found as a fact that the defendant carried on the business of a retail druggist in

person and by his agent, Kimble; but the court was of
opinion that as the defendant was a regular, licensed
physician, he had the right to carry on the business of a
retail druggist and pharmacist without obtaining the cer-
tificate required by law of pharmacists. The court was
of the opinion that the law authorized a pharmacist to
have a clerk not a pharmacist to carry on his business,
and was of the opinion that a licensed practicing physician
might also have a clerk to sell drugs by retail in his ab-
sence, and thereupon dismissed the indictment; and the
motion for a new trial by the Commonwealth having been
overruled, it prosecutes this appeal.

Section 2632, c. 85, Kentucky Statutes, reads as follows:
"Persons and Articles Exempt from Operation of This
Act: Nothing in this act shall be construed so as to ap-
ply to, or in any manner interfere with, the sale of the
usual non-poisonous domestic remedies and medicines, and
patent or proprietary medicine, by country stores in small
places or rural districts. Nothing in this act shall apply
to, or in any manner interfere with the business of any
licensed practicing physician, or prevent him from supply-
ing to his patients such articles as may seem to him proper,
or with his compounding his own prescriptions." It seems
from the opinion of the circuit court that the court was of
the opinion, and so adjudged, that the provisions of the
last-named section of the statute entitled a licensed, prac-
ticing physician to keep, sell, and compound drugs as a re-
tail druggist, without any other license. The contention
of appellant is that the section in question only permits
such physician to sell or furnish to or compound drugs for
his own patients. It will be seen from the section, supra,
that it does not, simply in general terms, exempt physi-
cians from the provisions of section 2620. We are of the

opinion that the true meaning and intent of section 2632 is to allow a physician to compound or sell any kind of drugs to his own patients, but not to fill prescriptions sent to him by others. In other words, if a party applies to a physician for examination and treatment, the physician may furnish him any kind of drugs that in his judgment is proper, or compound for him any kind of drugs or medicine; but he can not sell drugs indiscriminately to persons calling for the same, nor compound drugs and sell them indiscriminately to all who may call for them.

It results from the foregoing that the circuit court erred in adjudging the defendant not guilty. The judgment is therefore reversed, and the cause remanded for proceedings consistent herewith.

---

CASE 53—ACTION TO ENFORCE A JUDGMENT—JAN. 15.